*Law Library*

## IN THE SUPERIOR COURT OF GUAM

## SMALL CLAIMS DIVISION

2013 OCT -2 PM 1: 10

| | |
|---|---|
| ROGER MARTINEZ DC.,<br>dba ADIO CHIROPRACTIC | ) |
| | ) **SMALL CLAIMS CASE NO. SD0019-13** |
| Plaintiff, | ) |
| | ) **DECISION AND ORDER** |
| vs. | ) |
| | ) |
| ESTELA L. CALATA, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| _____ | ) |

## INTRODUCTION

The matter before the Court came on Roger Martinez ("Plaintiff") claims against Estela Calata ("Defendant") for breach of contract for chiropractic services rendered by Plaintiff to Defendant. On May 10, 2013, a trial in this matter was held before the Honorable Benjamin C. Sison, Jr. who took the matter under advisement. Plaintiff appeared Pro Se and Defendant appeared through her attorney, William L. Gavras, Esq. Having reviewed the evidence presented and the applicable law, the Court now issues its Decision and Order.

## FACTS

On or about February 25, 2011, Defendant sustained physical injuries from a motor vehicle accident. Defendant sued alleged responsible parties for damages resulting from the accident. On June 4, 2011, Defendant executed what Plaintiff purports to be a contract for chiropractic services to treat Defendant for her injuries sustained from the accident. The one-page document provides for an insurance lien against any settlement payments to be made to

Plaintiff in payment for chiropractic services rendered to Defendant. In addition, Defendant expressly agreed to "cover or pay for all charges" not covered by any insurance proceeds and provides for a one and one-half percent (1.5%) interest on unpaid charges. The executed agreement did not specify the costs to Defendant for chiropractic services, nor does it provide when interest charges start to accrue or when payments would be due.

From March 2011 to May 2011, Defendant received chiropractic services from another service provider and copies of invoices from that service provider were provided to the Court at trial. Defendant claims that she sought treatment from Plaintiff because Plaintiff told her that his services would be "cheaper". However the parties prior to Defendant seeking treatment from Plaintiff never discussed the exact costs for these services. From June 4, 2011 to November 11, 2011, Defendant received chiropractic services from Plaintiff. After each office visit, Defendant initialed a form acknowledging the services provided. Defendant however claims that at no time was she provided with the costs of the services until she received an invoice after all the services had been provided. It is apparent that Plaintiff was not paid directly from any insurance proceeds as a result of the Defendant's lawsuit stemming from her automobile accident.

Plaintiff at trial did not produce any evidence that Defendant was informed of the costs of the services at any time during the service period. However Defendant also did not argue at trial that the services rendered by Plaintiff were unnecessary. The only invoice provided to the court by Plaintiff was one dated January 25, 2012, two months after the last series of treatments provided to Defendant. Plaintiff now seeks payment for the services rendered under the written agreement plus interest in the amount of Seven Thousand Two Hundred Ten Dollars and Zero Cents ($7,210.00). Defendant asserts that there was never a "meeting of the minds" concerning the costs of the chiropractic services, that all amounts agreed to be paid for said services were in

fact paid, or in the alternative, the costs of the services provided are less than the amounts Plaintiff contends are owed.

## LAW AND ARGUMENT

We first address the issue of whether the written document executed by Defendant constitutes a legal and binding contract. The three recognized elements of a contract are an offer, acceptance, and consideration. See Title 18 GCA § 85102 (1992) Moreover, in order to meet their burden in establishing the existence of a contract, plaintiffs must show an offer or agreement to encompass all "essential terms". Mobil Oil Guam Inc. v. Tendido, 2004 WL 1013367 (Guam Terr.) citing Magill v. Nelbro Packing Co., 43 P.3d 140, 142 (Alaska 2001). Where an agreement does not include an essential term, the contract is unenforceable. See Smith v. House of Kenton Corp., 209 S.E.2d 397, 399–400 (N.C.Ct.App.1974) (holding that a party could not recover damages for breach of a rental contract where the offer and agreement did not contain essential terms such as the time and manner of payment of rent). Turning to the document executed by the Defendant with Plaintiff, it is clear that the purported agreement is lacking in that no express payment terms were agreed upon by the parties including i) the costs of chiropractic services and ii) the time for payment for said services and any accrued interest charges. The court finds that such payment terms are "essential terms" under any contract for services and because such terms were lacking, we find the written agreement executed by Defendant to be unenforceable as a matter of law. The court further agrees that Plaintiff and Defendant never reached a "meeting of the minds" with respect to the costs of the chiropractic services provided by Plaintiff.

While there is no enforceable contract between Plaintiff and Defendant, Plaintiff

nevertheless is entitled to recover under the doctrine of *Quantum Meruit*. The "essence of *quantum meruit* liability is the receipt of a benefit by one party which would be inequitable for that party to retain. The elements of *quantum meruit* distilled from this essence are the performance of services by the Plaintiff, the receipt of the benefit of those services by the Defendant, and the unjustness of the Defendant's retention of that benefit without compensating the plaintiff." See Tanaguchi-Ruth v MDI Guam Corporation, 2005 WL 735938 (Guam Terr.)(2005). In the present case it is indisputable that Plaintiff performed chiropractic services on Defendant with the expectation of payment for such services and while no enforceable contract exists, denying any form of compensation to Plaintiff for such services would be unjust.

The measure of recovery for *quantum meruit*, is the "value of the services, measuring the value in the labor market where the service itself was sought by defendant". Id. At trial Defendant did not dispute that the services rendered by Plaintiff were unnecessary or of poor quality. Defendant complains only that the amounts charged were more expensive than she anticipated, based on alleged representations by Plaintiff that the costs of Plaintiff's services would be cheaper than that of her previous chiropractor. In reviewing the invoices submitted by Defendant from a previous chiropractor, the court notes that the amounts charged by Plaintiff for similar services are comparable. Consequently, the court finds the charges assessed by Plaintiff to be reasonable and proper.

## CONCLUSION

Plaintiff is entitled to the reasonable value of the services he rendered to Defendant under the doctrine of *Quantum Meruit*. Accordingly, Judgment is rendered against Defendant on behalf

of the Plaintiff in the amount of Seven Thousand Two Hundred Ten Dollars and Zero Cents ($7,210.00). The parties shall bear their own attorneys fees and costs.

OCT 0 2 2013

**SO ORDERED this _____ day of _____, 2013.**

**BENJAMIN C. SISON, JR., Court Referee**
**Superior Court of Guam**

I's full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam.

OCT 0 2 2013

Ryan T. Balajadia
Deputy Clerk, Superior Court of Guam